UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MOHAMMED SHAFIUDDIN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 09CV2416 |
| v. | ) | |
| | ) | Judge Dow |
| EVANSTON NORTHWESTERN | ) | Mag. Judge Schenkier |
| HOSPITAL and TRITON COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR STRIKE PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE TO ORDER PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT**

Defendant, NorthShore University HealthSystem[1] ("NorthShore"), by and through the undersigned counsel, submits this Memorandum in support of the above-referenced Motion and states as follows:

**INTRODUCTION**

Plaintiff filed a Complaint on April 21, 2009, that merely states "Documents Are Attached" and then incorporates twenty-five pages of attachments, including two letters addressed to "The Judge" and one letter addressed to Dr. Nicholas Akinkuoye, whom Plaintiff identified as a vice president of Triton College. (Doc. No. 1).[2] Even if one carefully sifts through the attached materials, Plaintiff's Complaint still fails to comply with the Federal Rules of Civil Procedure and therefore it should be dismissed, stricken, or in the alternative, supplemented with a more definite statement.

---

[1] Plaintiff incorrectly names Evanston Northwestern Hospital as a defendant, however it appears that he intends to serve NorthShore University HealthSystem.

[2] Citations to Doc. No. refer to this Court's docket.

**FACTS**

Plaintiff claims Triton College assigned him to Evanston Northwestern Hospital or Evanston Northshore Hospital[3] for the clinical portion of his Radiologic Technology course at Triton College (RAS 160). The documents attached to Plaintiff's Complaint deal predominately with Plaintiff's dissatisfaction with the grade that he received last year from Triton College on the clinical portion of RAS 160. Plaintiff alleges that a number of individuals mistreated him and contributed to his failure of the course by falsely reporting on his incompetence. However, it is not clear from the face of these documents how Defendant NorthShore might be responsible for Plaintiff's bad grade or his alleged mistreatment. Plaintiff does not allege that any specific laws were broken, although he makes the conclusory allegation that he was "mentally tortured, racially discriminated [against] and harassed," ostensibly on account of his race or religion.

**ARGUMENT**

I. **Plaintiff's Claims Should Be Dismissed For Failure To Comply With The Pleadings Requirements Of The Federal Rules Of Civil Procedure**

A Complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of potential claims. *Viacom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 775 (7th Cir. 1994); *C.f. Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (recognizing less stringent requirements for pro se complaints). Although NorthShore recognizes that Plaintiff most likely prepared his Complaint without the aid of an attorney, one cannot deny the need to sift through his documents in order to speculate about the nature of his claims.

---
[3] Plaintiff appears to reference to NorthShore's Evanston Hospital facility.

For example, Plaintiff's Complaint lacks a short and plain statement of the grounds for the Court's jurisdiction or Plaintiff's grounds for relief as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(1) & 8(a)(2). Likewise, Plaintiff's allegations are not "simple, concise and direct" as required by Rules, they are buried in twenty-five pages of attachments. *See* Fed. R. Civ. P. 8(d). The confusion this creates is further compounded by the absence of numbered paragraphs or separate counts as required by the Rules because this makes any attempt to file responsive pleadings equally cumbersome, speculative and confusing. *See* Fed. R. Civ. P. 10(b). For these reasons alone, Plaintiff's Complaint should be dismissed. *See Ellis v. State of Illinois*, Case No. 91 C 8391, 1992 U.S. Dist. LEXIS 17131 (N.D. Ill. 1992) (granting defendant's motion to dismiss a pro se complaint for failure to follow Rules 8(a) and 10(b)).

II. **Plaintiff's Claims Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted**

A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged, and if so, what it is." *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993); *see also* Fed. R. Civ. P. 8(a). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Plaintiff does not provide even that much substance for his Complaint. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A complaint cannot survive a motion to dismiss unless it states a "plausible" claim. *Id.; see also EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

The gist of Plaintiff's letters and attachments and the primary source of his alleged claim appears to be Plaintiff's dissatisfaction with his grade in Radiologic Technology. It is not clear how the law or how NorthShore could affect his grade; or why NorthShore should be held liable for the allegations in Plaintiff's supporting documents. Even if everything happened the way Plaintiff described it in his attachments, it does not appear that Plaintiff would have a claim for relief against Defendant NorthShore.

III.  **In The Alternative, The Court Should Exercise Its Discretion To Strike The Plaintiff's Complaint**

The Court may on its own or by motion, "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The materials attached to Plaintiff's Complaint contain much that is redundant, immaterial, impertinent and potentially scandalous. If Plaintiff's Complaint is not dismissed, then those portions that do not advance his purported claim(s) should be stricken in whole or in part to avoid inefficiency and confusion that would be caused if Defendants were forced to respond to all the details, many of which appear to have more to do with the merits of Plaintiff's evaluation than they do with the alleged motivation behind it.

IV.  **In The Alternative, The Court Should Order Plaintiff To Provide A More Definitive Statement**

NorthShore simply cannot provide a meaningful response to the vague, ambiguous, and disorganized litany of allegations in the attachments to the Complaint. Therefore if the Court does not dismiss or strike Plaintiff's Complaint, it should require

Plaintiff to supplement his pleadings with a more definite statement in accordance with Rule 12(e) of the Federal Rules of Civil Procedure.

## **Conclusion**

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6), stricken pursuant to Rule 12(f), or clarified by a more definite statement pursuant to Rule 12(e). Rules 8(a)(1) & 8(a)(2) require a short plain statement of the Court's jurisdiction and the Plaintiff's grounds for his relief. Although no technical form is required for pleadings, Rule 8(d)(1) requires each allegation to be "simple, concise, and direct" and that is not the case with Plaintiff's pleadings. Plaintiff compounds the confusion created by his vague pleadings by also failing to organize his Complaint as required by Rule 10(b), thereby making it even more difficult for NorthShore to respond to the Complaint. The Court and the Defendants should not have to speculate as to what claims Plaintiff alleges, against whom they are alleged, and how the facts incorporated by in the documents attached to the Complaint allegedly support those particular claims.

Respectfully submitted,

NORTHSHORE UNIVERSITY
HEALTHSYSTEM

By  /s/  Joan E. Gale
    **One of Its Attorneys**

Joan E. Gale, Esq.
Francis Patrick Kinson, Esq.
SEYFARTH SHAW LLP
131 S. Dearborn Street
Suite 2400
Chicago, Illinois  60603
(312) 460-5000

**Dated May 15, 2009**