UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MOHAMMED SHAFIUDDIN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09CV2416 |
| EVANSTON NORTHWESTERN HOSPITAL and TRITON COLLEGE, | ) ) ) ) | Judge Dow Mag. Judge Schenkier |
| Defendants. | ) ) ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT NORTHSHORE'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant NorthShore University HealthSystem[1] ("NorthShore"), by and through the undersigned counsel, submits this Reply brief in support of its Motion to Dismiss.

**FACTS**

On July 15, 2009, this Court, on its own motion, granted Plaintiff leave to file an Amended Complaint *nunc pro tunc* to May 19, 2009, and deemed Plaintiff's Amended Complaint (Doc. No. 17)[2] filed as of that date. (Doc. No. 28). Defendants' Motions to Dismiss the Original Complaint (Doc. Nos. 9, 12) were stricken as moot and Defendant NorthShore's Rule 15 Motion to Strike Plaintiff's Amended Complaint was denied. *Id.* This Court, however, took both Defendants' Rule 12(b)(6) Motions to Dismiss the Amended Complaint (Doc. Nos. 21 & 24) under advisement and established a briefing schedule. (Doc. No. 28).

---

[1] In his Response brief, Plaintiff now correctly names Defendant as NorthShore University HealthSystem.

[2] Citation to Doc. No. references this Court's docket.

In accordance with the Court's briefing schedule, Plaintiff filed his Response to the Motion[s] to Dismiss his Amended Complaint on July 29, 2009. (Doc. No. 29). Plaintiff's Response, however, does not directly address the arguments raised by either Defendant. Instead, Plaintiff asks this Court to correct his mistakes regarding "the Title number, and other legal codes that appl[y] to this case," and then he re-pleads his claims as violations of Title VII of the Civil Rights Act of 1964, instead of Title IV of the Civil Rights Act of 1964, as previously alleged in his Amended Complaint. (*Compare* Doc. Nos. 17 & 29).

## ARGUMENT

I. **Plaintiff Cannot Sue NorthShore Under Title VII Because He Does Not Allege that He was Employed by NorthShore and He Failed to Exhaust Administrative Remedies.**

Plaintiff does not allege that he was ever an employee of NorthShore. As a consequence, he cannot pursue a claim for employment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII).

Even if he did make such an assertion, his allegations about being graded unfairly in the Spring of 2008 would be untimely because there is absolutely no indication in any of his pleadings and attachments that he complied with the procedural requirements for bringing a claim under Title VII by filing a timely charge of discrimination and receiving a right to sue letter. *See* 42 U.S.C. §§ 2000e-5. Therefore, his Title VII claims should be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Bullard v. Sercon Corp.*, 846 F.2d 463, 468 (7th Cir. 1988) ("Title VII's requirement that the plaintiff exhaust the administrative remedies provided by the statute is jurisdictional; that is, a court is obligated to enforce the requirement even if the defendant has overlooked it."); *Shaver v.*

CH1 11781989.2

*Davie County Pub. Sch.*, No. 1:07-CV-00176, 2008 WL 943035, at *2 (M.D.N.C. Apr. 7, 2008) (dismissing claims with prejudice due to lack of subject matter jurisdiction where pro se plaintiff failed to file an EEOC charge prior to the lawsuit).

II.     **Regardless Of The Statute; Plaintiff Has Failed To Plead Facts That Support A Plausible Theory Of Recovery.**

Even if Plaintiff has again mistakenly cited the wrong statute or section of the Civil Rights Act, he has still failed to allege a viable set of facts showing that NorthShore could be held vicariously liable for the allegations in his pleadings.

For example, Plaintiff claims that because he told Jennifer Szeszol that his "beard is a religious practice," Szeszol's remark to him on December 6, 2007, that "next semester you may have to go to [the] surgery room [and] I don't think…you will be allowed [in the surgery room] with that beard," is evidence of discriminatory animus. (Doc. No. 29) (Response Brief, ¶ 2).

Likewise, he also claims that Terry Chan made "offending racial comments, towards Plaintiff's religion," when on November 13, 2007, she remarked, "Mohammed, why do your Muslim women … cover the head and whole body with lot[s] of cloth[e]s, don't they sweat[?] I am diabetic and I never want to be a Muslim." *Id.*, ¶ 5. Plaintiff claims Chan offended him again when she asked, on March 4, 2008, "why do you wear that cap, is that your religion, don't you sweat?" *Id.*, ¶ 5.

These alleged facts, however, are insufficient to demonstrate that Plaintiff's poor grade from Triton College plausibly resulted from intentional discrimination against him by NorthShore employees because of his race or religion. They also fail to suggest the severity or pervasiveness necessary to support a harassment claim.

Plaintiff's contentions to the contrary are purely conclusory and may not be relied upon to support his claims. *See*, *e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (May 18, 2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief.") (quoting Fed. R. Civ. P. 8(a)(2)).

## Conclusion

Plaintiff's Amended Complaint should be dismissed for lack of jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

NORTHSHORE UNIVERSITY
HEALTHSYSTEM

By   /s/  Francis Patrick Kinson
       **One of Its Attorneys**

Joan E. Gale, Esq.
Francis Patrick Kinson, Esq.
SEYFARTH SHAW LLP
131 S. Dearborn Street
Suite 2400
Chicago, Illinois  60603
(312) 460-5000

**Dated August 13, 2009**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on August 13, 2009, I electronically filed the foregoing with the Clerk of Court using the ECF system, which should send notification of filing to the following:

Daniel E. Cannon, Esq.
Kusper & Raucci Chartered
30 North LaSalle Street, Suite 3400
Chicago, Illinois 60602
dec@kusperraucci.com

*Attorney for Defendant Triton College*

and

Mohammed Shafiuddin
4844 Butterfield Road, Apt. 2R
Hillside, Illinois 60162

*Pro Se Plaintiff*

       I also caused the foregoing to be served upon Plaintiff by sending the same via U.S. Mail to Plaintiff's address above on August 13, 2009, with proper postage prepaid.

                                                      /s/ Francis Patrick Kinson

CH1 11781989.2