## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMMED SHAFIUDDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 09-cv-2416 |
| | ) | |
| EVANSTON NORTHWESTERN HOSPITAL, | ) | Judge Robert M. Dow, Jr. |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mohammed Shafiuddin, filed this civil rights lawsuit *pro se* on April 21, 2009 [1]. In May, Plaintiff filed an amended complaint [17]. The Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.[1]

Before the Court are motions to dismiss [21, 24] filed by Defendants Evanston Northwestern Hospital (the "Hospital") and Triton College (the "College"). For the reasons set forth below the Hospital's motion [21] and the College's motion [24] are denied. The denial is based on the rules of procedure and on the case law that govern how complaints are evaluated at the motion-to-dismiss phase: As the case moves forward, the Court cannot, as Plaintiff's response brief seems to request (see Pl. Mem. at 5), effectively "fix" his arguments and fine-tune his legal theories. That did not happen here, and it cannot happen at subsequent, less-forgiving stages of the litigation.

---

[1] As discussed in Part III of this opinion, Defendant Triton College states in its motion that Plaintiff has failed to establish that the Court has jurisdiction over the action, although the College has not filed a brief with its motion that spells out the perceived jurisdictional defect. The Court concludes that Plaintiff invoked the wrong statutory hook, but has alleged sufficient facts to state a claim under federal law.

## I.    Background

According to Plaintiff, whose well-pleaded factual allegations the Court accepts as true at the motion to dismiss phase (*Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005)), he was a student at the College, enrolled in the Radiology Technologist program.  He enrolled in the program in September 2007.  Compl. ¶¶ 7-8.[2]  As part of the program, he was assigned to the Hospital.  *Id.* ¶ 9.

Plaintiff alleges that Jennifer Szeszol, an instructor at the Hospital, failed Plaintiff in the "RAS 160" class, by putting false information on Plaintiff's evaluation form.  Compl. ¶ 11.  Plaintiff asserts in Count I of the complaint that the treatment amounted to discrimination under Title IV of the Civil Rights Act of 1964.  *Id.* ¶ 14.  In Count II of the complaint, which Plaintiff has titled "Specific Performance," but which appears to be a request for equitable relief rather than a separate action for breach of contract, Plaintiff states that Szeszol discriminated against Plaintiff based on his "certain appearance and race."  *Id.* ¶ 17.

Plaintiff seeks to have Szeszol fired, receive an appropriate grade (Plaintiff says a "passing grade"), and obtain money damages (in the amount of $4 million).

## II.    Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case.  See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In analyzing a motion to dismiss, the factual universe generally is defined by and restricted to the Plaintiff's complaint:  the Court accepts as true all of the well-pleaded facts alleged by the Plaintiff and all reasonable inferences that can be drawn from those facts.  See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).  Where *pro se* pleadings are concerned, they are to be liberally construed (*Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir.

___
[2] Citations to Plaintiff's First Amended Complaint are given in the format "Compl. ¶ __."

2009)), although courts are "not required to rewrite a deficient pleading." *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 (7th Cir. 2009) (quoting *Tanner v. Neal*, 232 Fed.Appx. 924 (11th Cir. 2007)); see also *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* documents should be construed liberally).

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Specific facts are not necessary. *Pardus*, 551 U.S. at 93.

Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The pleading principles that *Twombly* clarified, like the Federal Rules of Civil Procedure in general, apply "in all civil actions." Fed. R. Civ. P. 1; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009).

## III.    Analysis

The first argument made by Defendants relates to the Supreme Court's recent decisions in *Iqbal* and *Twombly*. The Hospital's motion to dismiss invokes *Twombly*'s argot and argues that Plaintiff has failed to establish that he has a "plausible" claim.[3] Specifically, the Hospital

---

[3] The Hospital and the College also argue that the Court should strike the amended complaint because Plaintiff did not seek leave of the Court before filing it. Although Plaintiff is reminded that he must

contends that Plaintiff has failed to state a plausible claim because "Title IV of the Civil Rights Act of 1964 does not provide for a right of action or the type of relief that Plaintiff seeks." Hosp. Mot. ¶ 8; Hosp. Mem. at 3-4. The Hospital cites *Davis v. Hooper* for the proposition that a court should (or at least has) dismissed a *pro se* complaint that is purportedly though inaptly brought pursuant to Title IV. See 2008 WL 4220062, at *5 (D. Del. Sept. 15, 2008). The College's motion, too, notes the same defect and concludes that Plaintiff has failed to establish the Court's jurisdiction over the action. Coll. Mot. ¶ 7. (And although Plaintiff's complaint alleges that the Court has jurisdiction based on diversity of citizenship, the allegations in the complaint strongly suggest that the parties may be of non-diverse citizenship.)

Defendants' *Iqbal*-based arguments lack merit, particularly given that Plaintiff is representing himself in this litigation. A litigant who invokes the wrong legal theory but pleads the right facts survives a motion to dismiss brought pursuant to Rule 12(b)(6). *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1135 (7th Cir. 1992). Here, although Plaintiff has not drafted his complaint with the clarity and sophistication that characterizes good lawyering, Plaintiff's allegations are hardly a mystery: Plaintiff says that an instructor/evaluator at his educational institution gave him a failing grade because of his race. Although the Court will leave it to the parties to develop legal theories, and Plaintiff will have to establish the requisites for relief as the case moves forward, Defendants' actions may run afoul of Title VI of the 1964 Civil Rights Act if Plaintiff's allegations are substantiated. That provision, codified at 42 U.S.C. § 2000d, provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." It is "beyond dispute" that

comply with all of the Court's rules, the Court gave leave to file the amended complaint *nunc pro tunc* [see 28]. Accordingly, the Court denies these portions of Defendants' respective motions as moot.

an individual plaintiff may bring suit under Title VI and that a successful plaintiff may obtain money damages and injunctive relief. *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). Title VI has been properly (if not always successfully) invoked by plaintiffs alleging that they were discriminated against in educational settings. See, *e.g.*, *Williams v. Wendler*, 530 F.3d 584, 586 (7th Cir. 2008); *Brewer v. Bd. of Trustees of the Univ. of Ill.*, 479 F.3d 908, 920 (7th Cir. 2007) (Title VI action against masters program that was receiving federal money); *Boulahanis v. Bd. of Regents*, 198 F.3d 633, 641 (7th Cir. 1999) (discussing the "proper means of asserting claims based on allegations of racial discrimination" against the defendant university in that case). And the term "program or activity" is defined expansively. 42 U.S.C. § 2000d-4a.

Plaintiff has not scuttled his lawsuit by invoking Title IV of the Civil Rights Act rather than Title VI. The error is not fatal because the Seventh Circuit's post-*Twombly* cases reaffirm that a plaintiff need not include a statutory hook in her complaint at all. *Aaron v. Mahl*, 550 F.3d 659, 666 (7th Cir. 2008) ("Under the notice pleading standard, of course, a complaint need not contain legal theories."); *Ridings v. Riverside Med. Center*, 537 F.3d 755, 764 (7th Cir. 2008) (once a plaintiff specifies the wrong that was done to her, then she may change her legal theories without amending the complaint); *Hall v. Nalco Co.*, 534 F.3d 644, 649 n.3 (7th Cir. 2008) ("[S]pecifying an incorrect theory is not fatal to a plaintiff's claim.") (quotation marks omitted).

Defendants have not discussed the numerous cases teaching that a plaintiff need not plead legal theories, although Defendants' legal position implicitly suggests that the cases—again, many of them handed down post-*Twombly*—are bad law. Yet, the Seventh Circuit's case law in this realm reveals that the principles in *Twombly* and *Iqbal* constitute a refinement rather than a revolution. Indeed, in interpreting the effect of *Twombly* and *Iqbal*, the Seventh Circuit has emphasized the Supreme Court's admonition that plausible claims are not the stuff of

5

probabilistic reasoning: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable * * * [And the 'plausibility' requirement] simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quotation marks omitted) (quoting *Twombly*, 550 U.S. at 556). In other words, a plaintiff need not allege specific facts unless the factual detail is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks*, 578 F.3d at 581 (discussing the Seventh Circuit's interpretation of *Twombly*, *Iqbal*, and *Pardus*). Nothing in the authorities cited by the parties, nor the Court's reading of *Iqbal*, supports the "right legal theory" requirement that Defendants seek to establish.

In the second argument raised by Defendants, the Hospital urges that Plaintiff's complaint does not sufficiently allege that the Hospital could be held vicariously liable for any wrongs committed by the College. And although the complaint does name a Hospital employee (Jennifer Szeszol), the Hospital says that the claim related to the employee "is impermissibly conclusory and appears to focus more on the alleged merits of the grading process than any alleged unlawful bias on the part of [the Hospital]." Hosp. Mem. at 4. The Court respectfully disagrees with that interpretation. The unmistakable allegation in Plaintiff's complaint is that he experience discrimination based on race at the hands of Jennifer Szeszol when Szeszol failed Plaintiff because of Plaintiff's race and despite the fact that Plaintiff performed adequately on the required "competencies." See Compl. ¶ 11. Jennifer Szeszol is a Hospital employee (*id.* ¶ 10). That is enough for this stage of the litigation, given the type of challenge that the Hospital has chosen to make and in light of *Erickson v. Pardus*, which itself dealt with the complaint of a *pro se* plaintiff and rejected a district court's determination that the plaintiff's "conclusory" pleading

was defective. See 551 U.S. at 90. Because Plaintiff sufficiently pled a claim for relief, Defendants "must rely on summary judgment and control of discovery to weed out" Plaintiff's claim if it lacks merit. *Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit*, 507 U.S. 163, 168-69 (1993).

A final argument, akin to the Hospital's vicarious liability argument, need not delay matters. The Hospital argues that it has no authority to change Plaintiff's grade. Hosp. Mem. at 4. However, failing to put the correct relief in a complaint (or any relief at all) does not provide grounds for dismissal under Rule 12(b)(6). *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). The reason is that dismissal under Rule 12(b)(6) is based on a failure to state a claim, but the demand for relief in a complaint (see Fed. R. Civ. P. 8(a)(3)) is not part of the statement of the claim. *Bontkowski*, 305 F.3d at 762 ("Any doubt on this score is dispelled by Rule 54(c), which provides that a prevailing party may obtain any relief to which he's entitled even if he has not demanded such relief in his pleadings.") (quotation marks and brackets omitted); see also Fed. R. Civ. P. 8(a)(2). Therefore, the Hospital's motion to dismiss cannot be granted.

## V. Conclusion

For the foregoing reasons, Defendants' respective motions to dismiss [21, 24] are denied.

Dated: January 26, 2010

_____
Robert M. Dow, Jr.
United States District Judge